## STEGEMAN v. PENNSYLVANIA R. CO.

(Circuit Court of Appeals, Sixth Circuit. July 3, 1925.)

No. 4141.

1. Appeal and error ⬤⟾1047(1)—Error in rulings on evidence must be seriously prejudicial, to justify reversal.

Where case has been fairly tried before jury, errors in admission or rejection of evidence must be found or presumed to be seriously prejudicial, to justify reversal.

2. Witnesses ⬤⟾389 — Engineer sufficiently identified to require admission of testimony that he had admitted not whistling.

Where engineer of train which had killed plaintiff's deceased at crossing denied on cross-examination admitting at time of accident that he had not whistled, testimony of bystander that a man dressed in overalls like railroad man, and who resembled engineer, and whom witness took to be engineer, had made remark denied by engineer, was admissible for impeachment; it sufficiently identifying engineer.

3. Appeal and error ⬤⟾1048(7)—Error in excluding evidence impeaching engineer of train causing death held prejudicial.

In action for death at railroad crossing, where engineer denied admitting at time of accident that he had not whistled and was lost, exclusion of impeaching testimony to the effect that he had made such statements *held* prejudicial error.

In Error to the District Court of the United States for the Western Division of the Northern District of Ohio; Paul Jones, Judge.

Action by Anthony Stegeman against the Pennsylvania Railroad Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded for new trial.

Conn, Hoke & Wright, of Van Wert, Ohio, Ritter & Schminck, of Toledo, Ohio, Harry L. Conn, Kerns Wright, and C. V. Hoke, all of Van Wert, Ohio, and George W. Ritter, and Gerald F. Branigan, both of Toledo, Ohio, for plaintiff in error.

Wheeler & Bentley, of Lima, Ohio, and Marshall & Fraser, of Toledo, Ohio, for defendant in error.

Before DENISON, MACK, and ROSS, Circuit Judges.

DENISON, Circuit Judge. An omnibus, containing a number of school children, was struck upon a grade crossing of the railroad and demolished. Several of the children were killed or injured. This action was brought by the father and administrator of one of the boys. The substantial ground of negligence was that the approaching train did not sound the statutory whistle and bell warnings. Under the charge of the court it is clear that the jury found there was no negligence by the defendant which had proximate connection with the accident, and that the sole proximate cause was the negligence of the driver of the bus. With this finding there was naturally a verdict for the defendant. These questions of negligence and proximate cause were for the jury. Among exceptions to the charge which pertain to the subject-matter of liability, we find none which is serious enough to call for consideration.

[1-3] Where a case has been fairly tried out before a jury, an error in the admission or rejection of evidence must be found or presumed to be seriously prejudicial before it will justify the reversal of a case for that reason; but in this case there was an error of that substantial character. There was something more than a scintilla of evidence tending to support the conclusion that the whistle was not sounded; if not, it clearly was open to the jury to find that such failure to sound the whistle was a proximate cause of the collision; and it was vitally important whether the engineer as a witness told the truth when he said that he sounded the whistle at the recognized location where it was required for this crossing. It appeared without dispute that the train was stopped with the engine a few hundred feet away, and that the engineer and fireman dismounted and came back to the crossing. One of the bodies was lying there, and several nearby farmers had assembled. On cross-examination the engineer was asked if he did not say, while standing there looking at the child's body: "I would have to tell the truth. I

did not whistle. I did not know where I was at." I was lost." He denied making the statement. Plaintiff then offered as a witness one Allen. He said he came up and was standing there at this time; that there were two men there dressed in.overalls; that one of them resembled the engineer, who had just been upon the stand; "as to my best recollection, I took it to be him;" and that he heard this man make a statement. It was then avowed that the witness, if permitted, would say that this man made the statement which the engineer had just denied that he made, but the evidence was not permitted. The refusal was upon the ground that there had not been sufficient identity shown between the man who made the statement and the engineer who had testified. In this we think there was error. The man who made the statement was there, at the time and place where the engineer said he himself was; he was dressed in overalls as railroad men would be; the statement said to have been made was one appropriate to the engineer of the train, and to no one else; and the witness, while cautious, expressed his judgment of identity. It is clear enough that, if any such statement was made, it was made by the engineer. The evidence was admissible as impeaching testimony.

Several other questions are presented. Upon remanding a case for a new trial, we often dispose of such questions as appear by the record, and as may be raised again upon a new trial; but the present record and briefs are such that we prefer not to pass upon any questions save as above indicated. Upon another trial they may not arise in the same form.

The judgment is reversed, and the case remanded for a new trial.